AYRES, Judge.
Plaintiff instituted, this action to recover damages for personal injuries sustained in a motor vehicle collision occurring June 1, 1959. There was judgment in favor of plaintiff in the principal sum of $6,728.00 and defendant appealed. Plaintiff has answered the appeal, praying that the award be increased to the principal sum of $10,-000.00. .
This is a companion case to that of Elton L. Wise v. Agricúltural Insurance Company, 140 So.2d 662, with which it was consolidated for the purpose of trial, and this day decided.
The question of liability was resolved adversely to defendant. Hence, for the reasons assigned in the companion case, only a question of quantum remains for consideration on this appeal.
Modisette sustained a contusion and fracture to his right knee joint; contusions and fracture of the left middle finger; laceration through the lower lip, and an aggravation of a pre-existing osteomyelitis of the 12th thoracic vertebrae, resulting in drainage from that vertebrae. He also sustained a whiplash type injury to his neck. There was some displacement of ■ the 12th thoracic vertebrae with a compression and kyphotic deformity. Some degeneration of the vertebrae was noted October 1, 1959, which with anterior compression was causing an abnormal angulation' of the spine. *668 Plaintiff’s knee and leg were placed in a straight cast for a period of three months and a metal spine brace was prescribed and worn for a considerable period of time. Some difference of opinion existed between Dr. C. S. Sentell, the treating physician, and Dr. B. H. Young, an orthopedist, as to whether the accident attributed to or caused the abscess in the old back injury. Dr. Sentell had treated Modisette over a period of time and consequently had the benefit of a closer observation of the history and symptoms. For these reasons the court concluded that Dr. Sentell’s opinion as a treating physician was entitled to greater weight than that of the orthopedist, and, accordingly, concluded that the old injury was aggravated hv the accident.
Plaintiff was hospitalized for a period of nine days and was on crutches for a period of two months. The back injury continued to drain for a period of approximately eight weeks. Medical treatment was administered over a period of four months, light work was advised about October 1st, and a return to regular work was advised on or about November 2, 1959. Plaintiff continued to experience difficulty with and suffer pain in his neck and knee two years after the accident.
While no fixed rule can be prescribed for a proper determination of an award for personal injuries, as each case necessarily is to be adjudged upon its own particular and peculiar facts, we are, however, of the opinion, after giving thorough consideration to the duration and extent of plaintiff’s injuries and suffering, that the award as made by the trial court is inadequate and should be increased. Taking into consideration the medical expenses, we think an award in the limit of liability as prescribed in the policy is not excessive.
Accordingly, for the reasons assigned, the judgment appealed is amended by increasing the award to $10,000.00, and as amended, is affirmed at defendant-appellant’s cost.
Amended and affirmed.