CULPEPPER, Judge.
In this tort action plaintiff was the collision insurer of one W. F. Groves, whose 1958 Chevrolet stationwagon struck the left turning pickup truck of Marcelan Leger, defendant’s liability insured. Under the terms of its policy plaintiff paid the cost of repairs to the Groves vehicle in the sum of $1288.45 and secured from Groves an assignment of his cause of action against any party liable for the damages. Plaintiff then sued defendant as Leger’s liability insurer. From an adverse judgment of the lower court, plaintiff has taken this appeal.
The facts show that the collision occurred on U. S. Highway 190 about three miles west of the town of Lawtell at a point where said highway is of blacktop construction 24 feet in width, runs east and west and is straight and level in both directions for a considerable distance. At the scene of the accident a small gravel road leading to the south forms a T-intersection with said Highway 190, but this side road is not marked by any signs nor indicated by a no passing zone on said highway. This particular location is in a 45 MPH speed zone near a country store, with a large gravel entrance and a brick church and other buildings located along the south side of the highway. Pictures filed in evidence show there is a railroad running adjacent to the north side of the highway.
At about 11 o’clock a. m. on March 17, 1958, the defendant’s liability insured, Mar-celan Leger, was driving in a westerly direction on said Highway 190 at a speed of about 45 MPH approaching the said T-intersection at which he intended to turn left to go to his home. Following behind him in line were a large van type truck, then two automobiles, whose drivers are unknown, and last the Groves vehicles, insured by plaintiff. The road was wet and it was raining mistily. Leger and his passenger, Oliver Jagneaux, testified that when they were 100 to 150 yards from the side road they were aware of the presence of the van truck to their rear and started to slow down; that Leger put out his left arm “to the elbow” through the partially opened left window of the pickup truck; that as they continued to decelerate and reached a point about 200 feet from the side road the two cars, of unknown drivers, passed; that as Leger reached a point about 75 feet from the turn he observed the van truck had slowed and asked Jagneaux if the truck was stopping to which Jagneaux replied that it was; that Leger then pulled his left arm in and started to turn left toward the side road and was almost wholly in the south lane of traffic when the left rear portion of his pickup truck was truck by the right front portion of the Groves stationwagon. Leger and his passenger testified that they never did see the Groves car approaching.
Mr. Groves testified that he was going 50 to 60 MPH when he came to the line of traffic above described which was slowing down and he necessarily had to decelerate his vehicle to 35 or 40 MPPI; that the two cars, of unknown owners, then pulled out and passed the van type truck; that Groves then turned out to pass the big truck and as he came around the rear, he saw the Leger pickup truck for the first time, 200 to 300 feet ahead of the van truck. Groves stated that since the road ahead was clear he decided to pass both vehicles and accelerated to 50 to 60 MPH and was only about 25 feet from the pickup truck when Leger, without giving any signal or other indication of his intention, suddenly turned left across the south lane of traffic. Groves testified that he applied his brakes but was unable to avoid the collision. He stated that although he had traveled this route frequently before, he had never noticed this particular side road, but he knew of the 45 MPH speed zone and he, of course, was aware of the store and the church and the other buildings.
The trial judge did not assign reasons for his judgment and therefore we do not know whether his decision was based on the lack of actionable negligence on the part of defendant’s insured or whether it was based on contributory negligence on the part of plaintiff’s insured. However, it is our opinion *18 that even assuming' Leger was guilty of actionable negligence, plaintiff’s recovery is barred by the contributory negligence of Groves. In its answer defendant alleges in the alternative that Groves was guilty of contributory negligence “in driving at an excessive speed, without having his car under proper control, in pulling irom behind a large truck in front of him in the north lane of traffic which prevented him from seeing the highway ahead and driving at excessive speed into the south lane of traffic at the time that the said Leger was making his left turn into an intersection * * * Even accepting plaintiff’s argument that since these are the only specific acts of contributory negligence alleged, defendant is restricted thereby, it is our opinion that the evidence which was properly admissible under these allegations is sufficient to sustain this special plea.
Groves admittedly had traveled this route frequently and knew of the 45 MPH speed zone and of the store, the church and other buildings located on the south side of the highway. He admittedly knew that the line of traffic in front of him was decelerating which should have put him on guard. It was misting rain and he couldn’t see around the van truck, which was slowing down, yet, instead of taking the extra precautions required under such circumstances, he pulled out and accelerated to an illegal speed, failed to see Leger’s left turn signal, which a preponderance of the evidence shows was actually given, and heedless of danger proceeded to pass the two vehicles. We have no difficulty in concluding that under the circumstances Groves was guilty of contributory negligence which had a causal relationship to the accident.
Although the case of McCallum v. Adkerson, 126 So.2d 835 (2nd Cir., La.App.1961) involved additional allegations of contributory negligence, it is similar to the instant case in many respects as is shown by the following quotation therefrom:
“It is our opinion that plaintiff was negligent in attempting to pass, without giving adequate signals of his intention, at a time when the traffic was decelerating in 'such a manner as to indicate that the lead vehicle was either preparing to turn or experiencing some sort of mechanical difficulty, and in failing to observe and heed the left turn signal given by defendant, which negligence was a proximate cause of the accident.”
For the reasons assigned the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.