TATE, Judge.
This suit was brought in tort by a husband to recover for his wife’s accident-caused medical expenses. The defendant is the liability insurer of the wife’s automobile. The plaintiff husband appeals from the dismissal of his suit.
The issue on this appeal concerns whether the wife’s liability insurer is entitled to credit against its tort liability to the husband, for any payments made by it directly to the wife by virtue of a “medical payments” coverage in the policy issued by it to the wife.
The undisputed facts show: The medical expenses were incurred as a result of an accident caused by the wife’s negligent operation of her automobile. Following the accident, the defendant insurer paid $475.62 directly to the wife in full settlement of her accident-caused medical expenses. However, the husband had previously paid from his own funds these same medical expenses, which represented an obligation of the marital community for which he was legally liable.
The defendant insurer paid the medical expenses directly to the wife in satisfaction of the liability created by the medical payments clause of its policy, which for an additional premium it had issued as a coverage additional to the tort coverage.
By such medical payments clause, the defendant insurer agreed contractually (and independently of any negligence of its insured) to pay reasonable medical expenses to or fo.r persons accidently injured while occupying the insured automobile.
In bringing suit, the plaintiff relied upon certain jurisprudence holding that payments made by a liability insurer under its independent and separate contract to pay medical expenses, could not be used as a credit against or in satisfaction of the separately insured liability of the insurance company to pay damages resulting from the negligence of its insured. This jurisprudence was overruled by the recent Supreme Court decision of Gunter v. Lord, 242 La. 943, 140 So.2d 11, decided after this suit was filed.[1]
In Gunter v. Lord, the Supreme Court held that the medical payments clause in the policy was intended “to provide medical payments in all cases, up to the stated limit, but, in the event of tortious conduct on the part of the insured, that such payments would satisfy the claim for damages normally awarded for those expenditures.” 140 So.2d 16. The trial court correctly held, in our opinion, that the application of this ruling herein prevents recovery by the present plaintiff husband of the wife’s medical expenses, since these same medical expenses had been previously paid by the insurer defendant under its medical payments clause.
Able counsel for the plaintiff contends, however, that Gunter v. Lord is not controlling in the present instance, because the plaintiff husband himself was not paid for the tort caused damages represented by these medical expenses, for the defendant insurer paid them directly to the wife. It is pointed out that, as a liability of the marital community, these medical expenses are the debt of the husband, not of the wife who received the proceeds. Counsel thus urges that the collection of these medical expenses in this tort suit would not amount to a “double payment” to the husband, so that therefore the defendant insurer is not entitled to credit against its tort liability to the husband for medical payments which it had made to the wife.
*677 The medical payments clause of the policy provided for the payment “to or for the named insured” of reasonable medical expenses resulting from accidental motor vehicle injury. The release signed by M.rs. Mundy, by which she acknowledged receipt of the full amount of medical expenses due under this clause, was signed by her and was witnessed by her husband, who is the plaintiff herein.
Under these circumstances, we do not think that the plaintiff husband can claim that the defendant insurer did not pay the medical expenses occasioned by his wife’s injuries in the accident. In our opinion, the rationale of Gunter v. Lord prevents the husband, acting in the community behalf, from recovering the medical expenses claimed by the community against the defendant liability insurer, when the defendant liability insurer had previously paid them under the medical payments clause directly to the wife with the husband’s approval.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed. The plaintiff is to pay the court cost of this appeal.
Affirmed.

. Although Gunter v. Lord is against the weight of authority interpreting these same policy coverages (8 Appleman’s Insurance Law and Practice, 1962, ed., Section 4896, p. 349), we have no other alternative as an inferior state court than to follow this controlling decision of our State’s highest court until such time, if ever, as that court reconsiders the question and reaches a contrary conclusion. • State v. Genac, La.App. 1 Cir., 132 So. 2d 897, certiorari denied.