SAVOY, Judge.
This case has been consolidated with suit No. 878, Vidrine v. State Farm Mutual Insurance Company, La.App., 154 So.2d 774.
The facts in the instant case-are that one Joe Bob was driving his vehicle in a south *773 erly direction on a secondary road, Highway No. 85, in the Parish of Iberia, Louisiana; and Mrs. Auzay Vidrine was driving her husband’s car in a westerly direction on Louisiana Highway No. 668. Plaintiff, Ollie Mae Pitre, was a guest passenger in the Vidrine vehicle. As Joe Bob reached the intersection of the two above-mentioned highways, he attempted to make a left-hand turn and was struck by the vehicle driven by Mrs. Vidrine. There is no dispute as to the fact that Highway No. 668 has the right-of-way over Highway No. 85. There is also a stop sign posted at the edge of Highway No. 85.
After a trial on the merits, the district judge found both drivers guilty of negligence and allowed the guest passenger, Ollie Mae Pitre, to recover damages against the insurer of the Vidrine vehicle. Joe Bob was not sued.
The district court found Bob negligent in proceeding into the main highway without first ascertaining that he could safely do so. It also found that Mrs. Vidrine was negligent in that at the time of the accident her signal indicator revealed that she was going to make a right-hand turn, which led the driver, Joe Bob, to believe that she would turn to her right at the intersection of the two highways.
The trial judge also held that the fact that Mrs. Vidrine did not testify raised a presumption that she would testify adversely to defendant.
Mrs. Vidrine was not made a party to this suit. While it is true that she was in the courtroom during the trial, we do not think this can be construed against defendant. Either side could have called her to the witness stand; therefore, we are of the opinion that the fact that she did not take the witness stand cannot prejudice defendant.
The record reveals that it was misty on the date of the accident. The State Trooper testified that there were no skid marks.
The only two eye witnesses to the accident were Ollie Mae Pitre, plaintiff, and a sister to Mrs. Vidrine; and Joe Bob. Mrs. Pitre testified she and her sister were in the front seat of the car, and that Mr. Vidrine was lying on the back seat of the Vidrine vehicle. Mrs. Pitre first saw the Bob car about one-half block from the intersection of the highways. She also testified that the Vidrine vehicle was traveling from 50 to 55 miles per hour preceding the accident; that Mrs. Vidrine blew her horn, applied her brakes and pulled to the left in an attempt to miss the Bob Vehicle.
Bob testified that he was on his way to Jeanerette, Louisiana, and was attempting a left-hand turn when he was struck by the Vidrine vehicle. He stated that he believed Mrs. Vidrine was going to make a right-hand turn at the intersection of the highways because her turn signal was indicating that she was planning to turn right.
The negligence of Bob is conceded by counsel for plaintiffs. The only serious question before this Court is whether Mrs. Vidrine was negligent in having her right-hand turn indicator on when she did not contemplate making a right-hand turn at the intersection of the highways.
The trial judge believed the witness Joe Bob who testified that the right-hand turn indicator was on at the time of the collision, and that Mrs. Vidrine had slowed as she approached the intersection. Under the circumstances, he could reasonably rely to some extent upon this signalled intention of Mrs. Vidrine to turn right into the side road so as to permit Joe Bob to enter from it onto the main highway without interfering with her passage. Mrs. Vidrine’s giving of this misleading signal, together with her slowing as she approached the intersection, thus reasonably caused Joe Bob to enter the intersection and thus was a contributory proximate cause of the accident in that it reasonably led Joe Bob to change his position to his detriment (even though Joe Bob’s imprudence in not waiting until he *774 was absolutely sure that the path would be clear might also have constituted a contributory proximate cause of the accident). Mrs. Vidrine’s insurer is thus liable to her guest passenger, Ollie Mae Pitre, the present plaintiff.
Having determined that Mrs. Vidrine was negligent in the instant case, we next determine the quantum which she should be allowed to recover.
Mrs. Pitre suffered from severe and extensive lacerations of the forehead and scalp. Her attending physician, who saw her as an emergency patient, stated she was scalped, and that she required over 100 stitches and sutures. She has a scar about four inches across the forehead about one-half an inch wide. The scar is very unsightly and radically affects the appearance of Mrs. Pitre. Mrs. Pitre also suffered pain from lacerations, abrasions and contusions which she received to other parts of her body.
The trial judge made an award of $4,-500.00 to Mrs. Pitre. Considering the pain, suffering and disfigurement which Mrs. Pitre suffered, we are of the opinion that the sum of $4,500.00 is not excessive.
The trial court awarded Mrs. Pitre medical payments in the sum of $149.50. However, it was stipulated that the insurer had already paid the above sum. Under the recent decision in Gunter v. Lord, 242 La. 943, 140 So.2d 11, the Supreme Court held that where injured automobile passengers had' been paid their medical expenses under medical payments provisions of automobile policies, they could not be awarded the same medical expenses in a tort action brought directly against the insurer.
In view of the above holding and the fact that defendant has already paid the medical expenses of Mrs. Pitre, the award of $149.50 made by the trial judge will be disallowed.
For the reasons assigned, the judgment of the district court is amended by disallowing the claim of Raoul Pitre in the sum of $149.-50, and as amended, is affirmed.
Costs of this appeal are to be paid by appellant.
Amended and affirmed.