158 So.2d 399 (1963)
S. C. DOWDEN, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 1000.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
Rehearing Denied December 20, 1963.
*400 Watson, Williams & Brittain, by Jack O. Brittain, Natchitoches, for defendant-appellant.
Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The plaintiff-husband was a passenger in a vehicle driven by his wife and insured by the defendant. He sues the defendant-insurer to recover for his personal injuries sustained through his wife's negligence, which caused their vehicle to collide with another truck.
The defendant appeals from judgment awarding the plaintiff-husband the sum of $5,000, the full policy limits.
(Previously, we affirmed the dismissal from the suit of the other driver's employer and insurer, since, in actions against third parties, the negligence of the wife while engaged on a community mission is imputed to the husband so as to bar his recovery against third persons. Dowden v. Hartford Accident & Indemnity Co., La. App., 151 So.2d 697.)
On this appeal, the present defendant-appellant contends that the wife's negligence should have been imputed to the husband so as to bar his recovery against his wife's insurer and, further, that the husband's independent negligence bars his recovery. The appellant also urges that the award be reduced.
1. Liability.
The accident in question occurred as follows: The wife, slowly approaching a main highway from a side road, failed to stop before entering the right of way thoroughfare. Her vehicle was immediately struck by a truck approaching with the right of way. The husband-passenger was looking for traffic to the right, whereas the *401 truck that struck the couple's vehicle was coming from the left.
Obviously, under these circumstances, the accident was caused by the negligence of the wife, and the husband-passenger was not guilty of any independent negligence contributing to it. The husband had neither the duty nor the opportunity to discover that the wife, approaching the main highway slowly, was going to roll on into it and be struck immediately by oncoming traffic, instead of stopping at its edge.
As recently reiterated by our Supreme Court, in the latest of several similar pronouncements, "a guest or passenger in an automobile has a right to place reliance upon the driver and is not required to monitor the operation or pay strict attention to the road"; further, "It is unrealistic to hold, in the present day uses of motor vehicles when heavy traffic is the rule and not the exception, that the occupant [including an "owner-passenger"] of a motor vehicle has factually any control over the driving of the operator." Gaspard v. Lemaire, La., 158 So.2d 149, (rendered on June 4, 1963; rehearing denied as to the question of liability, although granted as to question of quantum, on June 28, 1963.)
Likewise, the wife's negligence while on a community mission is not imputed to the husband so as to bar his own suit against her insurer for personal injuries caused by such negligence. Further, the defense of coverture (marriage) which the wife herself could raise to such a suit, is personal to her; this defense is unavailable to her liability insurer so as to defeat the husband's claim against the insurer for personal injuries caused by the wife's negligence.
See McHenry v. American Employers Ins. Co., 206 La. 70, 18 So.2d 656; Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191; McDowell v. National Sur. Corp., La.App. 1 Cir., 68 So.2d 189, certiorari denied.
Essentially, the wife's negligence while on a community mission is not imputed to her husband insofar as his own claims against her or her insurer are concerned, because in such instance the wife is simply the agent of the community, and (absent a personal defense such as coverture) a principal may recover from his agent for damages sustained by the principal through the agent's negligence. McDowell v. National Sur. Corp., cited above; see also Rodriguez v. State Farm Mut. Ins. Co., La.App. 1 Cir., 88 So.2d 432, certiorari denied. (So far as third persons are concerned, however, the wife's negligence while on a community mission is imputed to the husband. Dowden v. Hartford Accident & Indemnity Co., La.App., 151 So.2d 697.)
In regard to the result reached, it is immaterial, in the absence of a policy exclusion clause, that the wife is insured under an omnibus or other clause of a policy in which the plaintiff-husband is also a named insured; for then the husband has the status, insofar as the insurer, merely of a passenger asserting a claim for damages against the defendant as the liability insurer of the driver-wife as its additional insured. McDowell v. National Sur. Corp., cited above; see also Rodriguez v. State Farm Mut. Ins. Co., cited above.
Counsel for the appellant urges this court to overrule the cited jurisprudence, since, he argues, in a civilian jurisdiction such as Louisiana prior precedents are not regarded as binding. See Daggett et al., A Reappraisal Reappraised: A Brief for the Civil Law of Louisiana, 12 Tul.L.Rev. 12 (1937). We decline to do so, despite counsel's able and forceful argument, because we are of the opinion that the cited jurisprudence correctly interprets and applies the pertinent legal principles.
2. Quantum.
As the trial court noted, the personal injuries sustained by the plaintiff herein were grievous and serious and entitled to an award far in excess of the $5,000 policy limits, *402 to which the award of necessity was limited.
However, the defendant-insurer contends that this award should be reduced by the sum of approximately $1,700 for the plaintiff-husband's medical expenses, which were paid by the insurer by virtue of the medical payments clause in its liability policy.
This clause, for an additional premium, provides a coverage additional to the tort coverage. Recovery against the insurer herein is by reason of this latter coverage, by which it agreed to pay damages caused by the negligent operation of the automobile by the driver-wife.
By the medical payments clause, the defendant-insurer further agrees contractually, and independently of any negligence of its insured, to pay reasonable medical expenses to or for persons accidentally injured while occupying the insured automobile.
In Gunter v. Lord, 242 La. 943, 140 So.2d 11, the Supreme Court recently interpreted the medical payments clause as preventing an insurer from being held liable for medical expenses under both the medical payments and the liability clauses of the policy, as follows, 140 So.2d 16:
"* * * when the instrument is viewed as a whole and the intention of the parties gathered from all its parts, that it was not contemplated that an injured person should collect his medical expenses twice, i. e., that having already been paid such expenses at the instance of the insured by the insurance company following the accident, that he should be again awarded the same medical expenses as an incident of the tort action. His damages, in that respect, have been repaired. We think the parties to the contract clearly intended coverage C to provide medical payments in all cases, up to the stated limit, but, in the event of tortious conduct on the part of the insured, that such payments would satisfy the claim for damages normally awarded for those expenditures." (Italics ours.)
In the present case, however, credit should not be allowed the insurer for payments previously received by the plaintiff under the medical payments clause, since no recovery in this action is being permitted to the plaintiff for such medical expenses, recovery being only for his personal injuries. Therefore, by our affirmance of the trial court award, the plaintiff is not receiving double payment of his medical expenses herein.
Counsel for appellant contends that this holding is in conflict with the result reached by our brothers of the Second Circuit in Wise v. Agricultural Insurance Co., La. App. 2 Cir., 140 So.2d 662 and in its companion case, Modisette v. Agricultural Insurance Co., La.App. 2 Cir., 140 So.2d 667. (The plaintiffs in those cases, against whom credit was allowed, did not apply for Supreme Court review of this action, the denial of certiorari being as to the application of the defendant insurer only. Docket No. 46209, Supreme Court of Louisiana; letter from Clerk of Supreme Court dated November 4, 1963.)
In the Wise case, the trial court awarded judgment in the full policy limits of $10,000, but included in this amount an award for medical expenses of $2,983.43. In affirming the trial court award, the appellate court found that the defendant was entitled to credit for payments of $2,000 under the medical payments clause (in view of the decision in Gunter v. Lord, which had been decided following the trial court decision and which had overruled earlier jurisprudence to the contrary), and so reduced the award.
The actual holding of the appellate court seems to have been only that "an insurer may not be condemned for a double or duplicated payment of medical expenses", 140 So.2d 666. This is not in conflict with the result we reach in the present case. We concede, however, that the result reached *403 by which in effect the general damages awarded were reduced by the credit allowed for medical expenses paid under the medical payments clauseis not consistent with that reached by this court herein.
(Likewise, in the companion Modisette case, where the plaintiff did file an answer to the appeal, the trial award of $6,728 which included $728.50 in medical expenses was increased to the policy limits of $10,000 by the court of appeal. This decree thus included an affirmance of the award of $728.50 medical expenses. On application for rehearing, by per curiam opinion the decree was amended so as to disallow this double payment of medical expenses, and the rehearing was denied.)
The Wise decision and its companion case were later described by our brothers of the Second Circuit as holding only "that an injured person cannot collect twice for medical expenses under the coverage afforded in the same policy." Gandy v. Feazel, La.App. 2 Cir., 155 So.2d 474, 477. The opinion goes on to note that "the limited coverage of liability [for tort] in the sum of $5,000.00 was in addition to a separate medical coverage of $2,000.00." 155 So.2d 478. (Italics ours.)
In any event, we are convinced that the sole holding of the Supreme Court in Gunter v. Lord is, as stated by us in Pitre v. State Farm Mutual Insurance Co., La.App. 3 Cir., 154 So.2d 772, 774, that "where injured automobile passengers had been paid their medical expenses under medical payments provisions of automobile policies, they could not be awarded the same medical expenses in a tort action brought directly against the insurer."
In the present instance, the prohibited result of a double payment of medical expenses does not occur, since our award herein against the insurer under its tort coverage does not include any award for medical expenses. We see no reason, therefore, why the defendant insurer should be entitled to credit against the present award of general damages for the plaintiff's substantial personal injuries, for the previous payment of the plaintiff's medical expenses made by this insurer by virtue of the insurer's separate and independent liability to the plaintiff-passenger by reason of the medical payments clause of the policy sued upon.
Decree.
For the reasons assigned, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the defendant-insurer.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.