DUFRESNE, Judge.
This matter arises from a lawsuit filed on behalf of Roger W. Norris, plaintiff-appel-lee against State Farm Fire and Casualty Co., R. J. Marchand and John Slaughter, d/b/a Camelot Apartments, defendants-appellants. The lawsuit sought monetary damages as compensation and/or reimbursement for property that was stolen from appellee’s apartment in the Camelot Apartments. Additionally, the lawsuit sought damages for mental anguish. The trial court in a bifurcated proceeding rendered judgment on the liability issue only, holding that Camelot Apartments, as owner, was responsible for damages to the ap-pellee.
Thereafter, at the trial for damages, judgment was rendered in favor of the ap-pellee in the amount of forty-five thousand dollars ($45,000.00).
The appellants have appealed both sus-pensively and devolutively from that judgment.
On appeal, there are two basic issues before us:
1.) Whether State Farm Insurance Company is entitled to a credit of $21,-200.00 because of an alleged payment made by Aetna Casualty and Surety Company to the appellee.
2.) Whether the award of $2,500.00 for “mental anguish” to appellee is proper.
Regarding the first issue, the appellants argue that since the appellee has received $21,200.00 from Aetna, his own insurance company, the trial court’s judgment should be accordingly reduced. Aetna had obtained a subrogation and notified State Farm of this; however, Aetna did not institute its own separate action for recovery nor did it intervene in this case. Further, the record reveals that the defendants-appellants did not except to the nonjoinder of an indispensable party.
Assuming, but not deciding, if Aetna had asserted its claim by separate suit or intervention, the defendants would have been liable to Aetna for the amount paid to the appellee. The collateral source rule has been established in Louisiana.
In Hall v. State Department of Highways, 213 So.2d 169, La.App., the court held as follows:
“While a tort feasor is entitled to credit for payments made through insurance procured by the tort feasor himself, Gunter v. Lord, [242 La. 943] 140 So.2d 11, the plaintiff’s tort recovery is not diminished because of payments made through insurance of other collateral sources independent of the wrongdoer’s procuration or contribution, Gunter v. Lord, at 140 So.2d 16.”
The Collateral Source Rule is applicable in this case and accordingly, the appellants’ claim for a credit of $21,200.00 was properly rejected by the trial court.
The second issue concerning the award of $2,500 for mental anguish to ap-pellee we feel, is correct. Although the appellee was not present when his apartment was burglarized, the fact that the entry was made with some type of “pass key” had to give the appellee some reasonable fear and apprehension. Additionally, the plaintiff’s original petition seeks damage for “mental anguish, inconvenience and *323 harassment”. The amount of the award was stipulated to and the award by the trial judge was within his discretion and we find no abuse thereof.
For the reasons hereinabove expressed, the judgment appealed from is affirmed.
AFFIRMED.