**38 So.2d 139**

**GLENS FALLS INS. CO. et al. v. GLOBE INDEMNITY CO. et al.**

**No. 38723.**

Dec. 13, 1948.

Morgan, Baker & Skeels, of Shreveport, for plaintiffs and appellants.

Cook, Clark & Egan and Irion & Switzer, all of Shreveport, for defendants and appellees.

HAWTHORNE, Justice.

This suit was instituted by three fire insurance companies to recover a large sum of money paid by them to the Brewster Company, Inc., as a result of a fire which destroyed a building covered by fire policies issued by plaintiffs to the Brewster Company, Inc., and/or C. H. Treadwell, contractor. The defendants are C. H. Treadwell, Brewster Company's co-insured, and his liability insurance carrier.

Plaintiffs in their petition allege that they paid the Brewster Company the

amount of the fire loss, and that they, as that company's subrogees, are entitled to recover from the contractor (the co-insured) and his public liability insurance carrier the amount of such payments, alleging that the fire was caused by the negligence of the contractor, Treadwell, his agents or employees.

Plaintiffs' suit was dismissed in the lower court on an exception of no cause or right of action, and from this judgment they have appealed to this court.

The petition, together with the exhibits —these being the various fire insurance policies and the contract for the construction of the bui'♦'ng—, discloses that on September 5, 1944, defendant C. H. Treadwell entered into a contract with the Brewster Company for the construction, on a cost plus basis, of a building in the City of Shreveport. Under this agreement the contractor was required to submit between the first and seventh of each month a statement showing in detail and as completely as possible all moneys paid out by him on account of the cost of the work during the previous month, for which he was to be reimbursed under the contract, and at the same time was to submit a complete statement of all moneys properly due for materials or on account of separate contracts or on account of his fee, which were to be paid directly by the owner under the provisions of the contract.

The contract further provided that fire insurance should be effected and maintained upon the entire structure on which the work of the contract was to be done to 100 per cent of the insurable value thereof, payable in event of loss to the Brewster Company as trustee for whom it might concern.

The fire insurance policies, to which was attached builder's risk form, issued by these plaintiffs under date of September 13, 1944, insured "The Brewster Company, Inc., and/or C. H. Treadwell, Contractor," against all direct loss or damage by fire to the building while it was in course of construction under the contract. These policies provided that in event of loss or damage such loss or damage was to be paid to the insured, Brewster Company, Inc., and C. H. Treadwell, contractor, as their interests might appear, subject, of course, to the terms and conditions of the policies.

With the above stated provisions of the contract and the fire insurance policies in mind, we now come to a consideration of the petition itself. This petition, after alleging among other things the existence of the contract for the construction of the building and the issuance of the fire insurance policies, sets forth that on May 4, 1945, the building described in the contract was practically demolished by fire; that thereafter these plaintiffs paid to the Brewster Company the amount of the loss and damage occasioned by the fire, whereupon this company subrogated to the plaintiffs all its right in and to all claims and demands against any person or persons

which it had by reason of the damage to the building; that the damage was caused by the fire which originated because of the negligence of the defendant Treadwell, his agents, servants, and employees.

The petition specifically sets forth in more than one instance that, on the date the fire occurred, the building was practically completed; that on this date the contractor Treadwell had his employees, servants, agents, and workmen engaged in the construction work *pursuant to his contract or agreement with the Brewster Company,* and, further, that the insurance policies which were issued both to the Brewster Company and to Treadwell by the plaintiffs were to be in force as long as the building covered thereby was under construction.

On May 4, 1945, the date of the fire, according to the petition the work was being done pursuant to the terms and under the contract for the construction of the building. In spite of this, the plaintiffs contend that their petition states a cause and right of action because it contains allegations that, at the time the fire occurred, the building was occupied by the Brewster Company, Inc., and belonged entirely to this company, and that Treadwell owned no interest in it, and that therefore they are not precluded from suing Treadwell, because, if those allegations are taken as true, he was no longer their insured. These statements, being merely conclusions of the pleaders, cannot prevail over the specific fact, disclosed by a consideration of all the

allegations of the petition together with the contract and the fire insurance policies, that the building was still under construction on the day of the fire. Treadwell therefore had an interest therein and was insured under the terms and provisions of the policies.

These plaintiffs made no effort to amend their petition in the lower court after the exception of no cause or right of action was filed or after it had been sustained by that court, and in argument before this court contend that the petition as drafted stated a cause and right of action; therefore:

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay all costs.

O'NIELL, C. J., absent.