PAN AMERICAN FOOD COMPANY, Inc., a corporation, Plaintiff,

v.

LESTER LAWRENCE & SON, Inc., a corporation, Defendant.

No. 55 C 1497.

United States District Court
N. D. Illinois, E. D.

Dec. 17, 1956.

114

Marcus L. Silver, Chicago, Ill., for plaintiff.

M. C. Elden, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This case is now before the Court on plaintiff's motion for summary judgment and defendant's motion to dismiss. The motion for summary judgment is supported and opposed by written briefs; additionally, plaintiff's motion is buttressed by affidavits and exhibits attached to the motion. The motion to dismiss stands without any supporting argument or authority.

Since no opposing affidavits have been filed, and since defendant, in its brief, admits the facts advanced by the plaintiff as being essentially correct, it can reasonably be concluded that the facts of the case are not in dispute and that this is a case properly submitted for summary judgment if the law as applied to these facts warrants judgment for the movant.

Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New York; de-

fendant is a corporation organized and existing under and by virtue of the laws of State of Illinois. The matter in controversy exceeds $3,000, exclusive of interest and costs.

On October 18, 1954 and on October 21, 1954, the parties reduced to writing two separate agreements whereby plaintiff undertook to sell and defendant undertook to purchase certain quantities of Iranian dates. Photostatic copies of these contracts are attached as Exhibits A and B, respectively, to the affidavit of Frank Kraus, vice-president of the plaintiff corporation. Among other provisions of the agreements which are not material here, the parties agreed to submit to arbitration any dispute arising under the contracts. This provision of each contract provides as follows:

"Any controversy or claim arising out of or relating to this contract or breach thereof, shall be settled by arbitration by the Association of Food Distributors, Inc., of New York in accordance with its rules, then providing."

Thereafter, a controversy arose between the parties as to the quality of the dates delivered under each of the two contracts, defendant refusing to tender payment under either contract. Accordingly, the dispute was submitted for arbitration to the Association of Food Distributors, Inc., of New York, hereinafter referred to as the "Association".

At all times pertinent to this controversy, Section V of the rules of the Association provided that the hearing on the arbitration shall be held in New York. Likewise, Section XIV of these rules provided as follows:

"Waiver of Personal Service

"Each party to a submission or other agreement which provides for arbitration under these Rules, shall be deemed to have consented that any papers, notices or process necessary or proper for the institution or continuation of an arbitration proceeding under these Rules or for the confirmation of an award and entry of judgment on an award made thereunder, including appeals in connection therewith, may be served upon such party (a) by mail addressed to such party's last known address or (b) by personal service, within or without the state wherein the arbitration is to be held, or within or without the limits of the jurisdiction of the Court having jurisdiction in the premises (whether such party be within or without the United States of America) or (c) where a party to a controversy is not located in the City of New York, by mail or personally, as provided in (a) and (b) hereof, upon his agent or broker through whom the contract was made; provided that a reasonable time shall be allowed each party to appear and defend."

Upon submission to arbitration, the Association gave notice by mail to both parties of the fact that arbitration proceedings were to be held. The defendant acknowledged receipt of said notice of arbitration by written letter dated January 20, 1955, in which letter, it requested an extension of two weeks from the date set for the arbitration hearing. A photostatic copy of this letter is attached to the affidavit of T. R. Schoonmaker, Executive Secretary of the Association, and is marked as Exhibit A to said affidavit.

The arbitration hearings were continued as requested by the defendant, the defendant receiving notice of the new date. Thereupon, the defendant notified the Association, by telegram, that it could not be present at the hearing and that it was forwarding a written presentation of its case by mail in lieu of its being present in person. A photostatic copy of this telegram is attached as Exhibit C to the affidavit of T. R. Schoonmaker. Thereafter, a written presentation and argument, sworn to by the defendant, and to which several documents were attached, was received from the defendant by the Association. A photostatic copy of this written presentation

is attached as Exhibit D to the affidavit of T. R. Schoonmaker.

Arbitration hearings were subsequently held, testimony submitted and the arbitrators made two awards, dated February 9, 1955, in favor of the plaintiff and against the defendant in the amounts of $3,877.75 on the October 18, 1954 contract and $3,806 on the October 21, 1954 contract. Photostatic copies of these awards are attached as Exhibits E and F, respectively, to the affidavit of T. R Schoonmaker.

Thereafter, on March 18, 1955, plaintiff filed a petition in the Supreme Court of the State of New York, in the County of New York, against the instant defendant, in Cause No. 4919–1955, praying that an order be entered in said court confirming each of the aforementioned arbitration awards and requesting that judgment be entered thereon. A copy of said petition is attached as Exhibit A to the affidavit of Alexander P. Blanck, New York attorney for the plaintiff corporation.

Thereupon, on March 18, 1955, the Supreme Court of New York entered an order in connection with said petition, and against the instant defendant, directing the defendant to show cause on April 22, 1955, why an order should not be entered confirming the two arbitration awards and entering judgment thereon. Said order further directed that service of a copy of the order, together with a copy of the petition and affidavits upon which it was granted, beyond the State of New York on or before April 6, 1955, would be deemed sufficient service upon the instant defendant. A copy of said order to show cause is attached as Exhibit C to the affidavit of Alexander P. Blanck.

Pursuant to said order of the Supreme Court of New York the instant defendant was personally served in Illinois, on March 24, 1955, with a copy of the aforementioned petition, affidavit and order to show cause. See affidavit of Russell P. Gremel attached to motion for summary judgment.

Thereafter, the defendant herein failed to appear before the Supreme Court of the State of New York in connection with said proceeding, and on May 11, 1955, the Supreme Court of New York entered judgment in favor of the instant plaintiff and against the present defendant on said arbitration awards in the amount of $7,821.10. Photostatic copy of this judgment is attached to the plaintiff's complaint. No part of said judgment has been satisfied.

Accordingly, plaintiff brings this action on the New York judgment, demanding judgment of this Court on the New York judgment pursuant to the Full Faith and Credit Clause of the Constitution. Article IV, Section 1.

The rule of law announced by this Court in Ripley Fabrics Corporation v. Hymen, D.C., 91 F.Supp. 1007, which was cited with approval and followed by the Appellate Court of Illinois, First District, in Tanbro Fabrics Corporation v. Hymen, 341 Ill.App. 396, 94 N.E.2d 93, would be dispositive of the instant case unless, as the defendant claims, compliance with a certain provision of Section 1450 of the New York Civil Practice Act is a condition precedent to submitting a controversy to arbitration in the State of New York.

Defendant argues that Section 1450 of the New York Civil Practice Act requires that, prior to submitting a controversy to arbitration, an aggrieved party must file a petition with the Supreme Court of the State of New York, or a judge thereof, asking for an order directing that the matter shall proceed to arbitration. Defendant argues that no such order was ever given and that, accordingly, no notice of the order was ever given, and that there never was a hearing before that court, or a judge thereof, prior to the actual arbitration hearing. Defendant concludes that, as a consequence of the foregoing, the judgment of the Supreme Court of the State of New York is void *ab initio* and is not entitled to full faith and credit. This is the sole argument advanced by the de-

fendant in opposition to the plaintiff's motion for summary judgment.

So far as pertinent to this controversy, Section 1450 of the Civil Practice Act of New York provides as follows:

"The making of a contract or submission for arbitration described in section fourteen hundred forty-eight, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission and to enter judgment on an award thereon. A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in such section may petition the supreme court, or a judge thereof, for an order directing that such arbitration proceed in the manner provided for in such contract or submission. \* \* \*."

■ At the outset, it should be observed that even a cursory reading of Section 1450 would reveal that the proviso for petitioning the Supreme Court of New York for an order directing arbitration is merely permissive in nature and by no means mandatory. The language used in Section 1450 reads "may petition", and not "shall petition". Applying the most fundamental rules of construction, therefore, it is manifest that resort to the Supreme Court of New York, prior to arbitration, for an order directing arbitration is not a condition precedent to the institution of arbitration proceedings.

In interpreting Section 1450, the courts of New York have reached the same conclusion reached here. In United Culinary Bar & Grill Employees v. Schiffman, 272 App.Div. 491, 71 N.Y.S. 2d 160, affirmed by the New York Court of Appeals at 299 N.Y. 577, 86 N.E.2d 104, the New York Supreme Court, Appellate Division, stated as follows, beginning at page 163 of 71 N.Y.S.2d:

"Civil Practice Act, §§ 1450, 1454 and 1458 together form a pattern which makes clear that neither an application to the Supreme Court to compel arbitration nor personal service of a notice of arbitration is necessary to institute an arbitration proceeding, that the only consequence of personal service of such notice is to require an objectant to arbitration to raise the issue of a submission or failure to comply therewith by motion for a stay instead of waiting to raise objections upon a motion to confirm the arbitrator's award, and that the only issues as to the propriety of arbitration which may be raised in any event are whether there has been a contract or submission to arbitrate and a failure to comply therewith. Failure to institute the proceeding in the first instance by application to the court or by personal service of the notice of arbitration under Section 1450 is not a ground for attacking the award. \* \* \*"

To the same effect is Roycraft Fabrics, Inc., v. Block, Sup., 81 N.Y.S.2d 567.

On the basis of the foregoing, I hold that the instant plaintiff had a right to proceed to arbitration according to the rules of the Association of Food Distributors, Inc., of New York without first filing a petition in the Supreme Court of New York asking that court for an order compelling the instant defendant to submit the controversy to arbitration.

■ It appearing that the plaintiff has complied with the rules of the Association and the applicable sections of the New York Civil Practice Act, and it further appearing that the only argument advanced by the defendant is manifestly untenable, I hold that for the reasons stated by this Court in Ripley Fabrics Corporation v. Hymen, supra, said case being approved and followed by the Illinois Appellate Court in Tanbro Fabrics Corporation v. Hymen, supra, full faith and credit in this Court must be extended to the judgment awarded the plaintiff against the instant defendant in the Supreme Court of New York.

Accordingly, plaintiff's motion for summary judgment is hereby granted and defendant's motion to dismiss is denied. Judgment is hereby entered for the plaintiff and against the defendant in the sum of $7,821.10 plus costs and interest to date.