DIXON, Judge.
This case and its companion, James C. Ussery v. American Indemnity Company, 222 So.2d 539 are before us on appeal taken after exceptions were sustained in the trial court. The suit arises from an occurrence on January 23, 1967, after plaintiff had parked a Chrysler sedan in front of Gibson’s Pharmacy, Inc. in West Monroe. Plaintiff alleges that his wife, Carolyn Ussery, without any warning and for no reason known to the plaintiff, drove a Thunderbird automobile into the Chrysler and damaged the Chrysler in the amount of $1,504.69. The defendant, Hanover, is the collision carrier for James C. Ussery, insuring him against the loss of the Chrysler automobile.
Hanover answered, denying coverage, then made a third-party demand against Mrs. Ussery and the American Indemnity Company. The American Indemnity Company is the liability insurer of Gibson’s Pharmacy, Inc., the owner of the Thunderbird automobile driven by Mrs. Ussery. Mr. Ussery was the president and majority stockholder of Gibson’s Pharmacy, Inc. Hanover alleges that Mrs. Ussery was “an additional or omnibus assured” under the provisions of the American liability policy. Hanover prays for the rejection of Mr. Ussery’s demands, or judgment ordering Mrs. Ussery and American to pay to Hanover any judgment rendered against Hanover and in favor of Mr. Ussery.
Mrs. Ussery did not appear; American filed an “Exception of No Cause or Right of Action,” which was sustained in a judgment dismissing Hanover’s third-party demand against American, from which Hanover appealed.
*536 According to the Appellee, American, there was only one question raised by the Exception of No Cause of Action and No Right of Action and by the appeal: Does the collision insurer have the right of sub-rogation against the spouse of the named insured for damages to a vehicle caused by the negligence of the spouse of the named insured ?
Appellee states in brief that his exceptions are not concerned with the marital status of the parties nor with the procedural capacities of the parties and do not involve interspousal immunity or the personal defense of coverture. The district judge, in a written opinion, found that since Mrs. Ussery was a “named insured” under the policy definitions there could be no action against her by the insurer, relying on Glens Falls Insurance Co. et al v. Globe Indemnity Co. et al, 214 La. 467, 38 So.2d 139 (1948) and Louisiana Fire Insurance Company v. Royal Indemnity Co., La.App., 38 So.2d 807 (1949). The district court’s opinion further concluded that there would be no subrogation until Hanover paid Ussery.
American’s argument is that to allow Hanover to enforce its claim against the liability insurer of Mrs. Ussery would be to defeat the purpose of the collision insurance contract, which creates an obligation on the part of the insurer to indemnify the named insured for damage to vehicles.
Appellee’s position is not without support in the jurisprudence. Primary reliance is placed on the Louisiana Fire v. Royal Indemnity {supra) and Glens Falls Co. v. Globe {supra). Both cases are suits under builders risk policies brought by the fire insurer against the insured builder. In Glens Falls, Treadwell contracted to build a building for Brewster Company, Inc. Three fire insurance companies issued policies and Treadwell and Brewster were co-insureds under the policies. The three fire insurance companies paid Brewster for the fire loss of the nearly completed building, then brought an action against Tread-well and Treadwell’s liability insurance carrier. The plaintiff’s suit was dismissed in the district court on an exception of no cause or right of action, which judgment was affirmed by the Supreme Court. The plaintiffs had taken a subrogation agreement from the Brewster Company upon the payment of the fire loss, upon which they based their action. In upholding the dismissal of the suit, the Supreme Court noted that plaintiffs argued that Treadwell owned no interest in the property destroyed, since the building had been occupied by the owner. However, the court found “that the building was still under construction on the day of the fire. Treadwell therefore had an interest therein and was insured under the terms and provisions of the policies.”
In Louisiana Fire v. Royal Indemnity {supra), plaintiff had issued a fire policy with a builders risk endorsement to Mitchell. There was a fire and payment by plaintiff to the owner, and a subrogation. Plaintiff then sued Beckett, a plumber, and Beckett’s liability insurance carrier. The defendant argued that Beckett was “one of the persons for whose benefit the policy was written by plaintiff.” The Court held that Beckett was an insured, and followed the Supreme Court’s holding in Glens Falls v. Globe Indemnity, stating that:
“The Supreme Court considered the rule too well established to require citation of authorities that an insurance company, which has paid a claim and taken a subrogation, has no right of action against a co-insured of the subrogor, even though the fire loss may have been caused by the negligence of the co-insured, and provided, of course, as is true in the case before us, that there is no design or fraud on the part of defendant.” (38 So.2d 807, 810).
Service Fire Insurance Company of New York v. Green, La.App., 56 So.2d 860 (1952), was an action by a collision insurer to recover from a negligent driver who damaged a borrowed car insured by the plaintiff. The plaintiff had paid the owner *537 for the damages and had taken a subrogation. Without any discussion of the relationship between the driver and the plaintiff-insurer, the Court commented on the fact that the driver of the borrowed car was on a mission in which either he and the owner were “jointly interested”, or on a mission on behalf of the owner, and denied recovery.
In Middlesex Mutual Fire Insurance Co. v. Ballard, La.App., 148 So.2d 865 (1963), the owner of an automobile lent it to a woman who damaged the car in a collision. The collision insurer paid the owner, took a subrogation, and filed suit against the woman, her husband and their public liability insurer. Among other defenses upheld, the Court found that the woman driving the borrowed car was “an insured” of the plaintiff by definition, and held that the insurer could not bring an action against its insured.
Hanover argued that the question before the Court is whether the collision insurer can bring an action against the liability insurer of the wife of the owner of the automobile damaged. Hanover relies on a line of cases which allow claims by one spouse against the liability insurer of another, in which our Courts have uniformly held that the liability insurer could not raise the personal defense of interspousal immunity. For example, in McHenry v. American Employers Insurance Co., 206 La. 70, 18 So.2d 656 (1944), a wife negligently injured her husband when she backed out of her driveway. Mrs. McHenry was employed by the Welcome Wagon Service Company; the defendant, American Employers Insurance Company had issued a policy of liability insurance naming Mrs. McHenry and her employer as “the insured”. Recovery was allowed in the case; the principal question discussed was whether public policy prohibited such recovery by the husband since he was living in community with his wife, and any damages he might recover would fall within the community.
In Dowden v. Southern Farm Bureau Casualty Insurance Company, La.App., 158 So.2d 399 (1963), the plaintiff’s husband was a passenger in a car driven by his wife and injured by the defendant. The husband was awarded damages equal to the policy limits. The Court did mention the fact that the wife was an omnibus insured, stating:
“(6, 7) In regard to the result reached, it is immaterial in the absence of a policy exclusion clause, that the wife is insured under an omnibus or other clause of a policy in which the plaintiff-husband is also a named insured; for then the husband has the status, insofar as the insurer, merely of a passenger asserting a claim for damages against the defendant as the liability insurer of the driver-wife as its additional insured. McDowell v. National Sur. Corp. [La.App., 68 So.2d 189] cited above; see also Rodriguez v. State Farm Mut. Ins. Co., [La.App., 88 So.2d 432] cited above.
“Counsel for the appellant urges this court to overrule the cited jurisprudence, since, he argues, in a civilian jurisdiction such as Louisiana prior precedents are not regarded as binding. See Daggett et al., A Reappraisal Reappraised: A Brief for the Civil Law of Louisiana, 12 Tul.L.Rev. 12 (1937). We decline to do so, despite counsel’s able and forceful argument, because we are of the opinion that the cited jurisprudence correctly interprets and applies the pertinent legal principles.” (158 So.2d 401)
Cases cited by appellant in which one spouse sues the family’s liability carrier to recover for the negligence of the other spouse would seem to have no application to the facts of the case at bar. The relationships of the parties are different. There, the demand is made by one insured spouse against the insurer (in effect, a demand by one insured against another insured). Here, the demand is by the collision insurer against the liability insurer of a spouse who is also insured by the *538 plaintiff-collision insurer. In the absence of defenses purely personal to the offending spouse, the collision insurer’s cause of action against the liability insurer is the same as its cause of action against the offending spouse, and if no cause of action is stated against that spouse, there is none against the liability insurer.
Appellee contends that “any rights of action that Hanover Insurance Company has are derived solely from its policy of collision insurance issued to Mr. and Mrs. Ussery as named co-insureds.” Appellee argues that it would defeat the purpose of the collision contract of insurance, which is to indemnify the named insured for damages to owned or non-owned vehicles, if the collision insurer could recover from one of those named as an insured after it had paid for the loss under the policy.
Hanover’s policy was issued to James C. Ussery. It is a combination policy, insuring against liability and collision loss. The liability policy provisions are contained in “Part I.” The persons insured are defined under Part I with respect to owned automobiles and non-owned automobiles. “The named insured” is listed as a person insured with respect to both owned and non-owned automobiles. “Named insured” is defined under Part I as “the individual named in Item I of the declarations (Mr. Ussery) and also includes his spouse if a resident of the same household.” The claim against Hanover, and Hanover against the Appellee arises not from the liability provisions in “Part I” but from the collision provisions in “Part III.” Part III definitions state that the definition of “any insured” in Part I apply to Part III, and that “insured” means, among other things, the named insured. The word “insured” is qualified in Part III (the collision insurance portion) as follows:
“ ‘insured’ means (a) with respect to an owned automobile, (1) the named insured * * * (b) with respect to a non-owned automobile, the named insured and any relative while using such automobile, provided, his actual' operation * * * is with the permission * * * of the owner * *
The terms of Hanover’s policy of collision insurance leave no room to argue that Mrs! Ussery is not an insured under the policy.
It is true that there is a difference between cases involving fire policies with builder’s risk endorsements (such as those involved in the Glens Falls case and the Louisiana Fire case) and cases involving automobile collision policies; the relationships between the property and the insured persons differ, as do the relationships among the insured persons. Nevertheless, in the family type automobile collision policy, the husband and wife are both insured persons, and the property covered by the insurance might be either the property of the “named insured” or that of another person.
Since Mrs. Ussery is an insured of the appellant, Hanover, the rationale of the Glens Falls, Louisiana Fire, Service Fire, and Middlesex cases, cited above, compels the conclusion that Hanover does not state a cause of action against American, the liability insurer of Hanover’s insured, Mrs. Ussery. The judgment sustaining the peremptory exceptions of American Indemnity Company dismissing the third party demands of Hanover Insurance Company against American Indemnity Company is affirmed at appellant’s cost.
Affirmed.