DIXON, Judge.
This is a companion case to James C. Ussery v. Hanover Insurance Company, 222 So.2d 535, decided this day. The two cases arose out of the same occurrence, were consolidated for the purpose of trial, and came to us on appeal after the Trial Court had sustained an “exception of no cause and no right of action.”
Mr. Ussery brought this damage suit against the American Indemnity Company, the automobile liability insurer for Gibson’s Pharmacy, Inc., the owner of the Thunderbird which Mrs. Ussery drove into the side of Mr. Ussery’s Chrysler on January 23, 1967. Hanover Insurance Company intervened and alleged that it is the collision insurer of the Chrysler and the defendant in a suit by Mr. Ussery; Hanover contends that, if it should be cast in judgment in Ussery’s suit on the collision policy, then Hanover would be subrogated to Ussery’s right in this suit against the liability insurer of Gibson’s Pharmacy, Inc. Hanover’s intervention prays that any damages recovered by Mr. Ussery against American be apportioned so that the claim of the inter-venor would be paid by preference, to the extent that the intervenor might have been cast in judgment in the suit by Ussery against Hanover on the collision policy.
There was judgment sustaining an “exception of no cause and no right of action” filed by American to Hanover’s intervention, and dismissing the intervention as to American. Ussery did not except to Hanover’s intervention.
*540 An appeal may be taken from a final judgment, or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Art. 2083. The judgment rendered here affected the intervention only insofar as it might have made a demand on the defendant, American. American remains a defendant in the lawsuit. Hanover’s demand that it be paid first from any sums the plaintiff Ussery might recover remains in the case, to be disposed of, presumably, after trial on the merits. The judgment, then, is not final and will cause no irreparable injury.
The appeal is dismissed at the cost of the appellant and the case is remanded to the district court.