**NEW AMSTERDAM CASUALTY COMPANY, Plaintiff,**

v.

**HOMANS-KOHLER, INC., J. J. O'Rourke d/b/a J. J. O'Rourke Electric Co., Air-Lite Products, Inc. and Howard W. Holmes, Milton E. Nelson and Harold Bateson, Co-Partners d/b/a Charles A. Maguire & Associates, Defendants.**

Civ. A. No. 3577.

United States District Court
D. Rhode Island.
Sept. 23, 1969.

Allan M. Shine, of Winograd, Winograd & Marcus, Providence, R. I., for plaintiff.

John T. Keenan, of Keenan, Rice & Dolan, Providence, R. I., for Homans-Kohler, Inc.

Andrew H. Davis, of Swan, Keeney & Jenckes, Providence, R. I., for J. J. O'Rourke.

Richard T. Linn, of Gunning & La-Fazia, Providence, R. I., for Air-Lite Products, Inc.

Charles J. McGovern, of Coffey, Ward, McGovern & Novogroski, Providence, R. I., for Howard W. Holmes, Milton E. Nelson and Harold Bateson, Co-Partners, d/b/a Maguire & Associates.

## OPINION

DAY, Chief Judge.

In this action the plaintiff as subrogee of the Gilbane Building Co. and the Industrial National Bank of Rhode Island seeks to recover from the defendants certain sums it alleges it paid to its subrogors as the insureds under a certain policy of fire insurance it had issued to them. In its amended complaint it alleges in substance that on November 23, 1962, at a site known as the Industrial National Bank Hardened Computer Center in Glocester, Rhode Island, a fire and explosion occurred which substantially damaged property then belonging severally to said Gilbane Building Co. and said Industrial National Bank; that at the time of said fire and explosion, there was in effect a policy of fire insurance issued by the plaintiff to Gilbane Building Co. and the Industrial National Bank insuring their property and interests in the structure being erected at said location in the amount of $843,000; that pursuant to the terms of said policy plaintiff paid the sum of $307,653.32 to Gilbane Building Co. and the sum of $10,500 to Industrial National Bank in satisfaction of its liabilities to them under said policy, and that it is subrogated to their rights to the extent of the sums so paid.

It further alleges in said complaint that said fire was the direct and proximate result of the negligence of the defendants or some or all of them and that at all times said Gilbane Building Co. exercised due and reasonable care, and seeks judgment against the defendants or some of them in the sum of $318,153.32 plus interest and costs.

This matter is now before me upon motions for summary judgment in their favor filed by the defendants, Air-Lite Products, Inc., Homans-Kohler, Inc. and J. J. O'Rourke d/b/a J. J. O'Rourke Electric Co. In each of said motions the movant contends that the plaintiff has no

enforceable rights against each of them as a subrogee of the rights of Gilbane Building Co. and Industrial National Bank of Rhode Island because the movant was a subcontractor under said Gilbane Building Co. in the construction of said hardened computer center, and as such, was an insured under said policy of fire insurance issued by the plaintiff.

■ In opposition to the motion of Air-Lite Products, Inc., plaintiff contends that in fact Air-Lite Products, Inc. was not a subcontractor of Gilbane Building Co. and in support of this contention has filed an affidavit by Thomas Battles, Vice-President of Gilbane Building Co., wherein he deposes that Air-Lite Products, Inc. was not a subcontractor of Gilbane Building Co. in the construction of said hardened computer center. No counter affidavit has been filed by Air-Lite Products, Inc. Under the circumstances, its motion for summary judgment in its favor must be and is denied.

Plaintiff concedes, as it must, that the defendants Homans-Kohler, Inc. and J. J. O'Rourke d/b/a J. J. O'Rourke Electric Co. were subcontractors on said construction project. There is no factual question as to their status which would make the entry of a summary judgment improper. See, e. g., United States v. White Motor Company, 1961, D.C.Ohio, 194 F. Supp. 562, reversed in part 1963, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738; Pan American Food Company, Inc. v. Lester Lawrence & Son, Inc., 1956, D.C. Ill., 147 F.Supp. 113.

In support of their respective motions the movants have filed copies of the pertinent provisions of the specifications for the construction of said hardened computer center relating to fire insurance coverage during its construction, copies of the pertinent provisions of said policy of fire insurance issued by the plaintiff and copies of their respective subcontracts.

Said policy of Insurance as required by the specifications for the construction of said hardened computer center named as the insureds therein "Gilbane Building Company, Industrial National Bank of Rhode Island And Each Subcontractor As Their Respective Interest May Appear". Said policy included a standard Builders' Risk provision,[1] so-called.

■ It is well settled that the rule that an insurer who has paid the loss from a peril insured against may be subrogated to the claims which the insured may have against any person whose negligence caused the injury does not apply in a case where the injury was caused by the negligence of the insured himself. American Surety Co. of New York v. Canal Insurance Co., 1958, 4 Cir., 258 F.2d 934; Builders & Manufacturers Mut. Casualty Co. v. Preferred Automobile Ins. Co., 1941, 6 Cir., 118 F.2d 118; Federal Ins. Co. et al. v. Tamiami Trail Tours, Inc., et al., 1941, 5 Cir., 117 F.2d 794; 16 Couch on Insurance 2d Subrogation, Sec. 61:133.

■ Additionally, the courts have consistently held that where an insurance company has paid a loss to one insured under its policy it cannot as subrogee recover the amount so paid from a co-insured under said policy even though the latter's negligence may have caused said loss, there being no fraud or design on his part. General Insurance Company of America v. Stoddard Wendle Ford Motors, 1966, 67 Wash.2d 973, 410 P.2d

---

1. This provision reads in part:

"2. This policy also covers temporary structures, materials, equipment and supplies of all kinds incident to the construction of said building or structure and when not otherwise covered by insurance, builders' machinery, tools and equipment owned by the Insured or similar property of others for which the Insured is legally liable, all forming a part of or contained in the said building or structure, temporary structures, or on vehicles, or in the open; only while on the premises described or within 100 feet thereof."

**1020**

904; Louisiana Fire Ins. Co. v. Royal Indemnity Co., 1949, La.App., 38 So.2d 807; Glens Falls Ins. Co. v. Globe Indemnity Co., 1948, 214 La. 467, 38 So.2d 139; Allegheny College v. Crump, Inc., 1959, 21 Pa.Dist. & Co.R.2d 207.

In General Insurance Company of America v. Stoddard Wendle Ford Motors, supra, the Court held at page 908 of 410 P.2d:

> "Cases in which an insurance company attempts to recover, as a subrogee, against a party for whose benefit the insurance was written and whose negligence has occasioned the loss, are concededly rare, but there are some (mostly in the field of builder's risk insurance). The courts have consistently held, in the builder's risk cases, that the insurance company— having paid a loss to one insured— cannot, as subrogee, recover from another of the parties for whose benefit the insurance was written even though his negligence may have occasioned the loss, there being no design or fraud on his part."

■ Homans-Kohler, Inc. and J. J. O'Rourke d/b/a J. J. O'Rourke Electric Co. were co-insureds of Gilbane Building Co. and Industrial National Bank of Rhode Island under said policy of fire insurance. By accepting the premiums for their inclusion as co-insureds under said policy the plaintiff insurance company assumed the risk of any loss occasioned by their negligence, if, in fact, said fire was occasioned by the negligence of either or both of them as claimed by the plaintiff. No claim was made by the plaintiff that said fire was caused by the design or fraud of either of them.

The motions for summary judgment in their favor by Homans-Kohler, Inc. and J. J. O'Rourke d/b/a J. J. O'Rourke Electric Co. are granted. The motion of Air-Lite Products, Inc. for summary judgment in its favor is denied.