BOARD OF EDUCATION OF the JORDAN SCHOOL DISTRICT, a Municipal Corporation, Plaintiff and Appellant,

v.

Ray A. HALES and F. C. Hales & Sons, Defendants and Respondents.

No. 14763.

Supreme Court of Utah.

July 5, 1977.

William A. Stegall, Jr., of Jerman & Dart, Salt Lake City, for plaintiff-appellant.

J. Anthony Eyre, of Kipp & Christian, Salt Lake City, for defendants-respondents.

WILKINS, Justice:

Plaintiff appeals from summary judgment entered by the Third District Court, Salt Lake County, dismissing its complaint with prejudice. Affirmed. Costs to defendants.

Plaintiff contracted with general contractors, Paulson and Christiansen, (not parties to this action) for the construction of Bingham High School. As a part of their agreement, plaintiff obtained "builders risk" insurance, covering the value of materials and property on the site during the construction, and insuring the interests therein of each of "Board of Education, Jordan School District; Finn B. Paulsen, Inc.; Christiansen Brothers, Inc.; and subcontractors."

The general contractors then entered into a subcontract with the defendants herein, for the masonry part of the construction. On June 25, 1974, a fire broke out at the construction site, resulting in substantial property damage, and plaintiff's insurance carriers paid claims amounting to $58,824.39 of which $720 was paid to the defendants for damage to the masonry.

Plaintiff's insurance carriers claimed subrogation rights and brought action in the name of plaintiff against defendants alleging that the loss was the direct and proximate result of the negligence of defendants' agent or employee, and claiming repayment for all loss except the amount paid to the defendants.

Defendants moved for summary judgment in their favor on either of two grounds: (1) that an insurance carrier may not maintain a subrogation action against a coinsured and (2) plaintiff's action is barred by the contractual documents involved. Plaintiff cites as error, the entry of summary judgment on either ground.

The doctrine of subrogation, which allows an insurer, having paid a loss resulting from a peril insured against, to step into the shoes of its insured and recoup its losses from a tort-feasor whose negligence caused the loss, has long been established.[1]

■ Generally, however, an insurer may not recover against its own insured, or a coinsured under the policy.[2] The rationale underlying both the doctrine of subrogation and the rule disallowing recovery against one's own insured are well articulated by the United States District Court for the Northern District of Texas in *Stafford Metal Works, Inc. v. Cook Paint and Varnish Co.,* footnote 2.

Plaintiff does not contend that defendants' property was not insured under their policies; indeed, defendants' claim was paid. Rather, plaintiff argues that "builder's risk" insurance insures the loss of property only, and not the "liability" any insured party may have for the loss. Plaintiff reasons, therefore, that the insurer may recover amounts paid to insureds other than the defendants for property losses caused by defendants' negligence. In support of its theory, plaintiff relies on the cases of *Paul Tishman Co., Inc. v. Carney and Del Guidice, Inc.,* 36 A.D.2d 273, 320 N.Y.S.2d 396 (1971), aff'd 34 N.Y.2d 941, 359 N.Y. S.2d 561, 316 N.E.2d 875 (1974), and *Employer's Fire Ins. Co. v. Behunin,* 275 F.Supp. 399 (U.S.D.C.Colo.1967), both of which seem to make this distinction, as does *McBroome-Bennett Plumbing, Inc. v. Villa France Inc.,* 515 S.W.2d 32 (Tex.Civ.App. 1974). These seem to be the only courts in the United States which so hold, and we are not persuaded by their reasoning.

It occurs to us that all fire insurance is of the "property" type rather than the "liability" type. Yet courts have consistently held that where an insurance company attempts to recover, as a subrogee, from a coinsured generally covered under a fire insurance policy, the action must fail in the absence of design or fraud on the part of the coinsured.[3] Fire loss is nearly always caused by negligence. As the Court said in *Stafford Metal Works* supra:

. . . The very nature and existence of insurance revolves around understanding and manipulating the concept of risk: risk management, risk control, risk transference, risk distribution, risk retention, etc. See R. Keeton, Basic Text on Insurance Law Sec. 1.2 (1971):
"An overwhelming percentage of all insurance losses sustained because of fire can be directly traced to some act or acts of negligence . . . .. It is in full appreciation of these conditions that the property owner seeks insurance, and it is after painstaking analysis of them that the insurer fixes his premium and issues the policies. It is in recognition of this practice that the law requires the insurer to assume the risk of the negligence of the insured and permits recovery by an insured whose negligence proximately caused the loss. . . ."

■ An insurer which accepts a premium based partially on the inclusion of a coinsured under a policy of insurance has assumed the risk of its negligence. We agree with the reasoning of Mr. Justice Guittard, in his dissenting opinion in the *McBroome* case, supra:

1. *Potomac Ins. Co. v. Nickson,* 64 Utah 395, 231 P. 445, 42 A.L.R. 128 (1924).

2. *Louisiana Fire Ins. Co. v. Royal Indemnity Co.,* 38 So.2d 807 (La.App.1949); *Glens Falls Ins. Co. v. Globe Indemnity Co.,* 214 La. 467, 38 So.2d 139 (1948). See also *Stafford Metal Works Inc. v. Cook Paint and Varnish Co.,* 418 F.Supp. 56 (D.C.1976); 44 Am.Jur.2d, Insur-

ance Sec. 1830; and Appleman, Insurance Law and Practice, Sec. 4055.

3. See authorities cited in note 2 Supra; *Transamerica Ins. Co. v. Gage Plumbing and Heating Co.,* 433 F.2d 1051 (10th Cir., 1970); *New Amsterdam Casualty Co. v. Homans-Kohler,* 305 F.Supp. 1017 (D.C.1969).

The insurer, which has accepted one premium covering the entire property and has assumed the risk of the negligence of each insured party, ought not to be allowed to shift the risk to any one of them. [515 S.W.2d p. 44.]

 We hold that the District Court properly entered summary judgment on the ground that an insurance carrier may not maintain a subrogation action against a party insured under its policy, and need not discuss plaintiff's second point.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.