PAUL TISHMAN COMPANY, INC., Respondent, *v.* CARNEY & DEL GUIDICE, INC., Appellant.

First Department, April 20, 1971.

*John Nielsen* of counsel (*Craig & Geen,* attorneys), for appellant.

*Milton B. Pfeffer* of counsel (*Gwertzman, Sessler, Nagelberg, Goldstein & Pfeffer,* attorneys), for respondent.

*Per Curiam.* The action, though not so in name, is in subrogation by insurers who have paid a loss. The loss was occasioned by a fire in a building under construction. Recovery over is sought against a subcontractor on grounds of negligence and an agreement to indemnify. The defendant moved for summary judgment dismissing the complaint on the ground that it was itself an insured under the contracts of insurance. The motion was granted in the Civil Court but the order was reversed in the Appellate Term. The matter is before us by permission granted by this court.

We agree with the determination made by the Appellate Term. The dissent raises and demolishes an issue not presented in the case, namely, whether the defendant had an insurable interest. The policies in question included as assureds the defendant as

well as other subcontractors. The policies, however, insured only the structure for loss by fire or other included risk. These policies did not insure the assureds against liability to others. Had this been the coverage of the policies, the defendant would have been protected and the cases cited in the dissent would have had application. Of course, as quoted in the dissent: " a person may insure against his liability with reference to a certan property as well as his interest therein " (*Berry* v. *American Cent. Ins. Co.*, 132 N. Y. 49, 56). But here he did not do so. What the defendant here seeks to assert is that because he is insured against any damage to whatever interest he may have had in the property, he is also insured for any damage he may have done to property in which he had no interest. It may clarify the situation to point out that if the fire destroyed work that defendant had done and by virtue of it defendant, on account of contract, could not recover the value of the work or was required to do it over again, that would be an interest in the physical property. However, no such state of facts was presented and at this stage of the proceedings does not appear.

The order of the Appellate Term entered June 16, 1970, reversing order of the Civil Court (WHITMAN, J.) should be affirmed with costs to the respondent.

CAPOZZOLI, J. (dissenting). By permission granted, defendant appeals from a determination of the Appellate Term, New York County, reversing an order of the Civil Court, New York County, which had granted defendant's motion for summary judgment and dismissed the complaint.

This action was commenced to recover damages for breach of contract and negligence on a claim arising out of the performance of a contract entered into, pursuant to which the defendant was to perform the plastering work in connection with the erection of certain houses for the New York City Housing Authority. Plaintiff was the general contractor and the defendant a subcontractor.

Under the agreement between the parties the defendant had agreed to indemnify the plaintiff in connection with any damage which occurred in the course of the work called for under the subcontract, as the result of defendant's neglect in the performance of same. It is claimed that, during the course of the work, a fire and explosion occurred in one of the buildings, allegedly attributable to the negligence of the defendant.

At the time of the fire there were two policies of fire insurance in effect, known as " Builders' Risk Policies ", one issued by Royal Indemnity Company and the other by U. S. Fire Insur-

ance Company, according to which each insurer undertook to pay 50% of the loss. The named insured in each of these two policies was " Paul Tishman Company Inc., its sub-contractors, et al ".

Plaintiff has brought this action under the indemnification provision of the subcontract. However, it is conceded that the plaintiff has been paid the sum of $2,901 from each of the two insurance companies, by way of reimbursement for the fire loss. It is rather clear that the real parties in interest here are the insurance companies. It is conceded that this is a subrogation action.

Section 148 of the Insurance Law provides as follows: " No contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured. The term ' insurable interest,' as used in this section, shall be deemed to include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage."

A party, even though he has no property interest in things insured, may yet have an insurable interest in such property where he will profit by or gain some advantage by its continual existence, and may suffer some loss or disadvantage by its destruction or injury by the happening of the event insured against. (*Feinman* v. *Consolidated Mut. Ins. Co.*, 155 N. Y. S. 2d 326.) (Also, see, *Insurance Co. of North Amer.* v. *Seaboard Homes*, 51 Misc 2d 486; *Berry* v. *American Cent. Ins. Co.*, 132 N. Y. 49.)

At page 56 of the last-cited case the court said: " The rule is well settled that it is not necessary to support an insurance that the assured should have an interest, legal or equitable, in the property destroyed. It is enough if he is so situated with reference to it that he would be liable to loss if it is destroyed or injured by the peril insured against.

" In brief, a person may insure against his liability with reference to a certain property as well as his interest therein. [Citing cases.]

" The test of insurable interest is whether an injury to the property or its destruction by the peril insured against would involve the assured in pecuniary loss. (Wood on Fire Ins. § 282.) "

Since the defendant was one of the insureds named in the above two policies and was insured against all direct loss by

fire to the property described in the policy, the insurance companies which have paid the claim have no right of action against a coinsured under the same policy. (*Beck* v. *Renahan,* 46 Misc 2d 252.)

In this last-cited case, while the factual situation is distinguishable from the case at bar, the principle underlying the decision is applicable. At page 254 of its opinion the court said: " If the court were to adopt Royal's view, we would have the spectacle of the insurance company paying a judgment against one assured and then by subrogation collecting it from another assured for whom it is equally bound to pay the same judgment.

" As is stated in Richards on Insurance (vol. 2 [5th ed.], § 185, p. 658) : ' An insurer clearly may be subrogated to its insured's claim against a third party who tortiously causes the loss, *but no subrogation exists against the insured or co-insured whose negligence caused the loss.'* * * *

" ' Contract between homeowner and contractor which required owner to carry fire insurance naming contractor as one of the insured barred insurer from maintaining a subrogation suit against contractor, who became its own insured. [Citing case.] ' "

In *Smith* v. *Ryan* (142 So. 2d 139 [Fla.]) the contract between home owner and contractor called for the owner to maintain fire insurance to protect the interests of both. The effect of such insurance would be to shift the risk of fire damage to the insurer. The owner failed to fulfill his duty of taking out insurance, which also would have protected the contractor's interests. It was held that such failure by the owner precluded his recovery against the contractor. The court reasoned that the owner's failure to fulfill his obligation to obtain insurance caused him to become the insurer and liable as such. At page 141 of the court's opinion there is the following: " This contract clearly requires the owner to carry fire insurance naming the contractor as one of the insured, thereby bringing the contractor within the provisions of law that an insurer cannot maintain a subrogation suit against its own insured."

It is clear that the defendant had concurrent coverage with plaintiff for fire loss, since it was a named insured in the policy. Therefore, no right of subrogation lay against the defendant and the controversy presented must be resolved as if the policy had been issued to the defendant alone. (*Greaves* v. *Public Serv. Mut. Ins. Co.,* 5 N Y 2d 120, 125.) Both the plaintiff and defendant are the insureds and the property insured on their

behalf was the very property damaged. If the conclusion reached by the court below is sound, then the policies issued by the insurance companies were of no value to the defendant and the result reached by that court is the same as if the defendant had no insurance at all. Then why did the insurance companies agree that the insureds, as named in the policies, were Paul Tishman Company, Inc., its subcontractors, *et al?*

In *Louisiana Fire Ins. Co.* v. *Royal Ind. Co.* (38 S. 2d 807, 810) the court said: "The Supreme Court [La.] considered the rule too well established to require citation of authorities that an insurance company, which has paid a claim and taken a subrogation, has no right of action against a co-insured of the subrogor, even though the fire loss may have been caused by the negligence of the co-insured."

For all of the reasons set forth above, I believe that the determination of the Appellate Term should be reversed and that of the Civil Court, New York County, should be reinstated.

STEVENS, P. J., MARKEWICH, KUPFERMAN and STEUER, JJ., concur in *Per Curiam* opinion; CAPOZZOLI, J., dissents in an opinion.

Determination of the Appellate Term of the Supreme Court, First Judicial Department, entered on June 16, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.