**AMERICAN INSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**L. H. SOWLES COMPANY,**
**Defendant-Appellee.**

No. 78-3144.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 15, 1980.

Decided Aug. 21, 1980.

Melvin J. Kessel, Paxton & Seasongood, Cincinnati, Ohio, for plaintiff-appellant.

Ralph F. Mitchell, Edward R. Goldman, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This case is the result of an accident which occurred during the construction of

the Riverfront Coliseum at Cincinnati, Ohio. Three contracts in effect at the time of the accident form the background for our decision. In October, 1973, McNulty Company, as agent for owner Coliseum Corporation, entered into a contract with Paper, Calmenson and Co. for "structural steel fabrication and erection" for the Coliseum. This contract obligated Coliseum Corporation to obtain property insurance coverage on behalf of the "owner, the contractor, subcontractors and the sub-sub contractors." Accordingly, in November, 1973, Coliseum Corporation acquired a "builders risk" insurance policy from appellant American Insurance Company. In January, 1974, Paper, Calmenson and appellee L. H. Sowles Company executed a subcontract agreement in which Sowles undertook to perform a portion of the construction work on the Coliseum.

On September 12, 1974, a crane operated by a Sowles employee slipped from its moorings and caused extensive damage to the partially completed Coliseum. As a result of the accident, the work of several contractors and subcontractors, including that of Sowles, required repair and rebuilding. Pursuant to the insurance policy, American paid for the necessary repairs. Each contractor or subcontractor who submitted a claim executed a release and subrogation agreement in favor of American against "any person or corporation liable for the loss."

In September, 1976, American filed this diversity action in District Court, seeking to recover amounts paid out to various insureds other than Sowles itself. Sowles raised in defense the argument that its status as an insured under the policy precluded American from proceeding against it by subrogation. The District Court, noting that Ohio law must govern the case, granted Sowles' motion for summary judgment.

On appeal, American raises two related issues. First, it challenges the District Court's construction of the scope of Sowles' coverage under the insurance policy. Whereas the District Court found that "the policy covered loss to *all* property at the site for which *any* insured subcontractor may be liable," American insists that Sowles' protection under the policy was limited to damage to its own property. Thus, American admits liability for damage to Sowles' equipment, but denies ultimate financial responsibility for the damage Sowles' equipment caused to the property of other insured contractors and subcontractors.

Second, American asserts that its allegedly limited liability under the insurance policy affects the legal principles which determine the rights of the parties here. American acknowledges the existence of a general rule of law which prevents an insurer from proceeding by subrogation against its own insured. However, it argues, the scope of the rule against subrogation is co-extensive with the scope of the insurer's ultimate financial liability under the policy. Thus, American admits that it cannot recoup amounts payable to Sowles for damage to Sowles' own property, since the policy places the burden of this loss on the insurer. If, however, as American contends, the policy does not insure Sowles against damage it may have caused to the other insured subcontractors, then the rule against subrogation is inapplicable and American can seek to recover from Sowles its payments to the other subcontractors.

■ Inasmuch as the courts of Ohio have not yet addressed the problem of subrogation in the context of a builder's risk insurance policy, American supports its conclusions with authorities from other jurisdictions, *Employers' Fire Insurance Company v. Behunin*, 275 F.Supp. 399 (D.Colo. 1967); *Public Service Company of Oklahoma v. Black & Veatch*, 328 F.Supp. 14 (D.Okla.1971); *Paul Tishman Company v. Carney & Del Guidice, Inc.*, 36 A.D.2d 273, 320 N.Y.S.2d 396 (1971). We need not analyze those cases here, however, for our review of the record reveals that the District Court properly resolved the case on the narrow ground of ambiguity in the insurance policy itself. The language of the policy can reasonably be understood in two ways. As we have already noted, American argues that Sowles was covered only to the extent of damage to its own property. On

the other hand, U.S. District Judge Timothy S. Hogan, in his memorandum opinion, carefully scrutinized the policy and reached the equally plausible conclusion that "the policy covered loss to *all* property at the site for which *any* insured subcontractor may be liable." The Ohio courts have adopted a rule of construction whereby ambiguous language in an insurance policy is interpreted in the manner most favorable to the insured. *Munchick v. Fidelity & Casualty Co. of New York*, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965); *Home Indemnity Co. v. Village of Plymouth*, 146 Ohio St. 96, 64 N.E.2d 248 (1945). Accordingly, the ruling of the District Court is affirmed.