GEORGE WALSH CHEVROLET,
INC., Plaintiff,

v.

Tom DIETERS, Defendant Ad Litem
for Deceased Thomas G. Dieters,
Defendant,

and

AMERICAN STANDARD INSURANCE
OF WISCONSIN, Defendant/Third–
Party Plaintiff,

v.

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,
Third–Party Defendant.

No. 62607.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 1993.

Case Transferred to Supreme
Court Aug. 17, 1993.

Case Retransferred to Court of
Appeals Nov. 23, 1993.

Original Opinion Reinstated Dec. 13, 1993.

Michael Steven Weinberg, Sanford Goff-stein, St. Louis, for appellant.

Richard Homire, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, George Walsh Chevrolet and Universal Underwriters, appeal entry of summary judgment in favor of respondents, Tom Dieters and American Standard Insurance of Wisconsin, in the Circuit Court of St. Louis County. We affirm.

The facts before us are simple. March 18, 1989, was the day of the annual St. Patrick's Day Parade in Rolla, Missouri. George Walsh Chevrolet provided a number of automobiles for use in the parade in exchange for the advertising value of having their cars on display to the spectators. Larry Hobbs, an employee of George Walsh Chevrolet, was responsible for giving out the cars to drivers selected by the St. Pat's Board, a group comprised of student leaders who organized the parade. Hobbs testified by deposition that he gave the same instructions to the drivers as he normally gives, that they should take the cars to the parade and then bring them straight back to the dealership.

Decedent, Thomas G. Dieters, was given a 1989 Camaro. On the way back to the dealership after the parade, Dieters was last in a line of cars travelling together. Ms. Pamela Weaver, who was in the car with Dieters and provided testimony about the accident, stated that all the drivers had agreed before leaving the campus that they were returning to the dealership directly. At the intersection of Routes Y and E, very near campus, Dieters' Camaro left the road and overturned. Dieters was killed in the accident, and the car suffered $12,200.00 in damage.

Universal Underwriters, George Walsh Chevrolet's insurer, paid the claim for damage to the car, and brought this subrogation action against the decedent's father, Thomas J. Dieters, as defendant *ad litem*. American Standard Insurance of Wisconsin, Dieters' insurer, intervened to file for a declaratory judgment stating appellant's policy provided primary liability coverage to Dieters for the damages.

In the trial court, both parties filed motions for summary judgment. On August 17, 1992, the court entered summary judgment in favor of respondents, and dismissed appellants' claim with prejudice. The court entered a specific finding that Dieters was an agent of George Walsh Chevrolet and was within the scope of the implied permission granted to him at the time of the accident. As a result, the court found Dieters was covered under the dealership's policy. This appeal ensued.

■ Appellants claim the trial court erred in finding decedent was an insured under the Universal Underwriters policy. We disagree. A party moving for summary judgment has the burden to demonstrate that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Cavin v. Kasser*, 820 S.W.2d 647, 649 (Mo.App., E.D.1991). In reviewing a motion for summary judgment, an appellate court must scrutinize the record in a light most favorable to the party against whom summary judgment was entered, and accord that party the benefit of every doubt. *Id.*

■ Part 500 of appellants' policy provides:

WHO IS AN INSURED:
1. YOU [George Walsh Chevrolet];
2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household, a member of your household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;
3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

We find these terms to be unambiguous. *See Earl v. State Farm Mut. Auto. Ins. Co.*, 820 S.W.2d 623, 625 (Mo.App., W.D.1991). The interpretation of unambiguous policy terms is a question of law. *Id.* According to the policy terms, decedent fits in neither (1) nor (2) above. However, he does fit into category (3).

The trial court held decedent was an agent for appellant George Walsh Chevrolet and that he was acting within his scope of authority at the time of the accident. The record reveals that an employee of George Walsh

Chevrolet gave decedent the car to drive, the parade provided advertising benefits to George Walsh Chevrolet, and decedent was told to bring the car straight back to the dealership after the parade. The only testimony offered on this subject was that of Pam Weaver, who stated that decedent, with others, was returning the car when the accident occurred. We hold Dieters was acting within the scope of his permission.

Appellants contend decedent was not required by law to be an insured, because he did not cause damage to the property of a third party. We disagree. Missouri's Financial Responsibility Law provides:

1. No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section.

RSMo § 303.025 (1986). The Law further provides that, to conform to statutory requirements, a policy must:

... insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle ...

RSMo § 303.190.2(2) (1986). According to the plain meaning of the above statute, any policy in Missouri is required to insure the named insured as well as anyone using the automobile with the named insured's permission. No requirement of damage to a third party appears. Since decedent was acting with the dealership's permission, he is required to be an insured under appellants' policy.

■ Moreover, Part 500 of appellants' policy provides:

WE [Universal Underwriters] will pay all sums the INSURED [George Walsh Chevrolet] legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies caused by an OCCUR-RENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.

AUTO HAZARD is defined as meaning:

Ownership, maintenance, or use of any AUTO YOU [George Walsh Chevrolet] own or which is in YOUR care, custody, or control and:

1. used for the purpose of GARAGE OPERATIONS or

2. used principally in GARAGE OPERATIONS with occasional use for other business or nonbusiness purposes or

3. furnished for the use of any person or organization.

We find these contract terms to be unambiguous as well. Thus, their interpretation of the terms is a matter of law. *Earl*, 820 S.W.2d at 625. It is also readily apparent to us that the automobile was "furnished for the use of [another] person or organization," pursuant to AUTO HAZARD, subsection (3). Thus, by the policy's terms, Universal Underwriters has agreed to pay such a claim. Point denied.

■ Appellants also contend respondents' policy afforded coverage for the instant damages. Again, we disagree. Appellants scoff at respondents' mention of the auto business exclusion under respondents' policy; however, appellants' argument fails to address the salient portions of respondents' assertion. Respondents do not maintain decedent himself was in the auto business. If he was, the exclusion would not apply to him on its face. Rather, respondents point out that as the agent of appellant George Walsh Chevrolet, he was engaging in auto business operations, namely advertising. Therefore, the exclusion does apply and respondent American Standard Insurance of Wisconsin is not liable for such damages. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.