**SHERWOOD MEDICAL COMPANY,**
**Plaintiff/Appellant,**

v.

**B.P.S. GUARD SERVICES, INC., d/b/a**
**Burns International Security Services,**
**Inc., et al., Defendants/Respondents.**

No. 65080.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Joanne D. Martin, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, Steven B. Fisher, Kostow & Daar, P.C., Chicago, IL, for appellant Sherwood Medical Co.

Donald L. James, Joseph R. Swift, T. Michael Ward, Brown & James, P.C., St. Louis, for respondent B.P.S. Guard Services, Inc.

Terese A. Drew, Hinshaw & Culbertson, St. Louis, for respondent Frank Hill.

John M. Horas, Greensfelder, Hemker & Gale, P.C., St. Louis, for respondent Fru-Con Const.

SMITH, Judge.

Sherwood Medical Company appeals from a summary judgment in favor of B.P.S. Guard Services (Burns) and an employee of Burns, Frank Hill. We affirm.

The action was brought by Sherwood as a subrogation action pursuant to a Builder's Risk policy issued to Sherwood and under which a loss for water damage had been paid. Sherwood had engaged Fru-Con Construction Company (Fru-Con) as its contractor to build its new corporate headquarters in St. Louis. A Design Build Agreement (Agreement) was entered into between Sherwood and Fru-Con for the construction. That agreement provides:

12.3.1 The Owner shall effect and maintain All Risk Builder's Risk Insurance equal to 100% of the insurable value of the Work. This insurance shall provide coverage for all work incorporated in the building and supplies and materials, including equipment and machinery on or about the premises and intended for incorporation into or permanent use in the building. This insurance shall name the Owner, the Contractor and all its Subcontractors as insureds as their interest may appear. Any deductible in this All Risk Builder's Risk Policy will be the responsibility of the Owner.

1.3 *Definitions.* The Project is the total construction to be designed and constructed of which the Work is a part. The Work comprises the completed construction required by the Drawings and Specifications
. . .

The Builder's Risk policy was obtained and provided the coverage delineated in the Agreement. When the Agreement was signed neither Sherwood nor Fru–Con had determined there was a need for security services. Fru–Con eventually decided security would be required on the project. Burns was retained to provide one unarmed security guard at the project when Fru–Con employees were not on site. Burns billed its services to Fru–Con, who in turn was paid by Sherwood.

On July 13, 1990, Frank Hill was the security guard assigned to guard the construction site from 12:00 a.m. to 8:00 a.m. Sometime during Hill's shift a water leakage occurred causing damage to the property. Sherwood filed a claim under its insurance policy, and was reimbursed for the damage less the amount of the deductible.

Following completion of the project, Sherwood filed a subrogation suit against defendants Burns and Hill claiming breach of contract and negligence in that they allowed an unauthorized person access to the premises which resulted in the water damage. Defendants raised two affirmative defenses based on the "loaned servant" doctrine and the "no subrogation" rule. Both parties stipulated to facts and filed cross-motions for summary judgment.

The trial court held that Hill was not a loaned servant, but that Burns was a subcontractor with an insurable interest in the project. Given his status as a subcontractor, Burns was thus a coinsured under Sherwood's policy and the "no subrogation" rule served to bar plaintiff's cause of action.

On appeal, Sherwood claims the trial court erred in finding Burns to be a subcontractor with an insurable interest. We find no error.

■ The "no subrogation" rule holds "where an insurance company attempts to recover, as a subrogee, from a coinsured generally covered under the policy, whose negligent act occasioned the loss, the action must fail in the absence of design or fraud on the part of the coinsured." The rule is recognized in Missouri. *Factory Insurance Assoc. v. Donco Corp.*, 496 S.W.2d 331 (Mo.App. 1973) [1] (quoting *Transamerica Ins. Co. v.*

*Gage Plumbing and Heating Co.*, 433 F.2d 1051 (10th Cir.1970)). The rule is based on the logical premise that an insurer cannot seek subrogation from its insured. No claim of fraud or design is made here. Therefore, if Burns is an insured under the Builder's Risk policy the no subrogation rule applies.

■ Sherwood contends that Burns is not a subcontractor. In large part this contention is premised on Sherwood's conclusion that Burns was not engaged in the construction or material supply of the building and that section 4.2 of the Agreement limits subcontractors to those parties actually involved with the physical construction of the project. Sherwood reaches that conclusion by reading section 4.2, (set out below) defining a subcontractor as a party who will "perform any Work", alongside section 1.3, defining "Work" as "completed construction". Thus, Sherwood concludes subcontractors are only those involved in construction. At oral argument it asserted a subcontractor would only encompass someone with a lienable claim.

Secs. 2.21, 4.1 and 4.2 provide:

2.21 The Contractor will provide all construction supervision, inspection, labor, materials, tools, construction equipment and subcontracted items necessary for the execution and completion of the Project.

\* \* \* \* \* \*

4.1 All portions of the Work that the Contractor does not perform with his own forces shall be performed under subcontracts.

4.2 A Subcontractor is a person or entity who has a direct contract with the Contractor to perform any Work in connection with the Project. The term Subcontractor does not include any separate contractor employed by the Owner or the separate contractors' subcontractors.

The definition of work is not restricted solely to contributions of mechanics or materialmen. The completed construction entails any work which was necessary to achieve completion, whether lienable or not. Security of the job site was deemed necessary by the Contractor and the Owner and Sherwood makes no contention to the contrary. Under Sec. 2.21 Fru–Con had the obligation to provide construction supervision and subcontracted items necessary for the execution and

completion of the Project. Sec. 4.1 precludes the Contractor from having any portions of the work done (except by its own forces) other than by subcontract. The definitions of subcontractor found in Sec. 4.2 includes Burns. Burns functioned under an oral contract in providing security for the building. That was a part of the Work which Fru–Con could have had performed by its own forces but chose not to. It hired Burns to perform that function and thereby subcontracted out that portion of the Work. Fru–Con could only do that by subcontract. The trial court correctly determined that Burns was a subcontractor.

 Sherwood next contends that Burns lacked an insurable interest in the Project and therefore could not be an insured. An insurable interest has been defined in this state as follows:

"In general a person has an insurable interest in the subject matter insured where he has such a relation or concern in such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by happening of the event insured against."

*G.M. Battery & Boat Co. v. L.K.N. Corp.,* 747 S.W.2d 624 (Mo. banc 1988) [1]. The emphasis in determining whether a party has an insurable interest is not ownership, but the possibility of loss. *Id.* at [2].

■ Missouri has not specifically addressed whether in a Builder's Risk policy an insurable interest requires a property interest or whether a liability interest is sufficient.[1] In other jurisdictions two views are present. The minority position is that a builder's risk policy is property insurance, not liability insurance. *See Turner Construction Co. v. John B. Kelly Co.,* 442 F.Supp. 551 (E.D.Pa.1976); *Paul Tishman Co. v. Carney & Del Guidire, Inc.,* 36 A.D.2d 273, 320 N.Y.S.2d 396 (1971) affd. 34 N.Y.2d 941, 359 N.Y.S.2d 561, 316 N.E.2d 875 (1974).

The majority view interprets the language "as their interest may appear" found in Sec.

12.3.1 of the Agreement to encompass liability interests as well as property interests. *See Dyson Company v. Flood Engineers, Architects, Planners, Inc.,* 523 So.2d 756 (Fla.App.1988) and cases cited therein. Given the extremely broad definition of insurable interest utilized by the Supreme Court in *G.M. Battery, supra,* we find the majority view and the reasons supporting it more persuasive. The *Dyson* case is very nearly on all fours with the case before us and we adopt its analysis of the law and the policy considerations set forth therein. Those policy interests include: (1) the severe conflict of interest that would exist if an insurer were permitted to recover from one of its own insured; (2) reduction of litigation; (3) the tremendous financial burden placed on subcontractors in having to protect themselves from potentially devastating liability lawsuits.

Burns' interest in remaining free from legal liability falls within the All Risk Builder's Risk Policy's coverage. "Recovery under an 'all-risk' policy will, as a rule, be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage." *Mo. Commercial Inv. v. Employers Mut. Cas.,* 680 S.W.2d 397 (Mo. App.1984) [5]. The policy and Agreement afforded subcontractors coverage "as their interests may appear". The language of the policy and the Agreement did not limit coverage to a property interest alone. In this case there is no allegation of fraud and no language within the policy or Agreement which serves to exclude coverage of Burns' liability interest. The trial court was correct in finding Burns had an insurable interest in the project.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.

■

**1.** Sherwood relies on *King v. Phoenix Ins. Co. of Brooklyn, N.Y.,* 195 Mo. 290, 92 S.W. 892 (1906) as establishing that only property interest can be considered. We are unable to conclude that

*King* makes such a determination. It dealt with the correctness of an instruction, not the issue before us.