**BEHLMANN PONTIAC GMC TRUCK, INC., Appellant,**

v.

**Stephen R. HARBIN, Respondent.**

**No. SC 81651.**

Supreme Court of Missouri,
En Banc.

Dec. 21, 1999.

Lori R. Koch, Sanford Goffstein, St. Louis, for Appellant.

Peter N. Leritz, Thomas J. Plunkert, St. Louis, for Respondent.

JOHN C. HOLSTEIN, Judge.

Behlmann Pontiac GMC Truck, Inc., appeals a summary judgment by the circuit court dismissing Behlmann's petition. This Court's jurisdiction is based on an order of transfer after an opinion by the Court of Appeals, Eastern District. *Mo. Const. art. V, sec. 10.*

When considering an appeal from a summary judgment, this Court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for determining whether summary judgment was proper is the same as in the circuit court and based on the same record used by the trial court; therefore, no deference is given to that court's judgment. *Id.*

## Facts

Stephen R. Harbin test-drove a 1994 Chevrolet Blazer that belonged to Behlmann. During the test drive, the Blazer sustained damage. Behlmann maintained an insurance policy through Universal Underwriters Group. Behlmann made a claim under that policy for the damage done to the Blazer. Universal Underwriters paid Behlmann's claim and then filed a subrogation claim against Harbin for the amount of damage.

Harbin moved for summary judgment, claiming that Harbin was an insured under Behlmann's insurance policy, and, therefore, Universal Underwriters was prohibited from recovering against Harbin. The circuit court agreed that Harbin was an insured under the policy and held that an insurance company cannot recover as subrogate from a co-insured whose negligent act caused the loss. The court entered summary judgment in favor of Harbin. Behlmann appeals, arguing that Harbin is not an insured under its policy. Behlmann also argues that even if Harbin is an insured under its policy, the "demonstrator statute," sec. 379.201, RSMo 1994, requires Harbin's own insurance policy to cover the Blazer, trumping the "no subrogation" rule relied on by the circuit court.

## Coverage under Part 500

In the present case, the trial court found Harbin to be an insured under Behlmann's policy, relying on a provision from that policy titled "Part 500." Part 500 extended coverage to "[a]ny other person or organization required by law to be an insured while using an auto ... within the scope of [Behlmann's] permission." The court found that sec. 303.190.2(2) required Harbin to be covered as a permissive user of Behlmann's vehicle and, thus, was "required by law" to be an insured. Behlmann argues that the trial court erred by finding coverage under Part 500 in that Harbin was not required by sec. 303.190.2(2) to be insured for damage to

Behlmann's Blazer. Behlmann argues that this section only requires liability policies to insure for property damage to the property of others.

■ Section 303.190.2(2) mandates that owners of motor vehicles provide a policy of liability insurance that:

[S]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits, exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident.

This section clearly imposes an obligation upon Behlmann to insure permissive drivers such as Harbin for damages arising out of the use of Behlmann's Blazer. However, this obligation is also clearly limited. Section 303.190.2(2) also limits Behlmann's obligations differently depending on whether the damages are bodily injury or property damage. This section limits Behlmann's obligation for bodily injury to "the bodily injury to or death of one person" or to "two or more persons." The terms "person" and "persons" do not distinguish between the motor vehicle owner, a permissive driver, a passenger, or a driver of another vehicle. However, the plain language of sec. 303.190.2(2) limits Behlmann's duty to provide liability insurance for property damage to "injury to or destruction of property of others." Section 303.190.2(2) does not require Behl-

mann to insure its own vehicle for damage to that vehicle. Therefore, Harbin is not "required by law to be an insured" and is not an insured under Part 500 of Behlmann's insurance policy.

Even assuming the word "others" is ambiguous, both the text and context of sec. 303.190.2 refute the claim that Behlmann is required by law to insure its own property loss. The statute is part of the Motor Vehicle Safety Responsibility Law. The purpose of the law is to require owners to insure against damages to the property of others arising out of the operation of an owner's vehicle. To construe the statute to require an owner to insure its own property loss is contrary to this obvious legislative intent.

In *George Walsh Chevrolet, Inc. v. Dieters*, 864 S.W.2d 934 (Mo.App.1993), the court of appeals faced similar circumstances as in the present case. In that case, a permissive driver caused damage to a dealer's motor vehicle and the dealer's insurer brought a subrogation claim to recover for that damage from the permissive driver. *Id.* at 935. The issue, as in this case, was whether the driver was an insured under the dealer's policy. *Id.* Faced with the identical "required by law" language as in Part 500 of the present case, that court also looked to sec. 303.190.2(2). *Id.* at 935–36. However, the *George Walsh Chevrolet* court did not quote and apparently did not apply the entire statute and, thus, was led to the conclusion that sec. 303.190.2(2) did not require "damage to a third-party" who held a claim for property damages only. *Id.* at 936. This overlooks the distinction made by the legislature between bodily injury and property damage. To the extent that *George Walsh Chevrolet* holds that sec. 303.190.2(2) requires a motor vehicle owner to insure a permissive driver for damage to the owner's vehicle, it is overruled.

*Rader v. Johnson*, 910 S.W.2d 280 (Mo. App.1995), also interpreted sec. 303.190.2(2) in light of identical "required

by law" language as in Part 500 of the present case. However, *Rader* is distinguishable because that case dealt with bodily injury. *Id.* at 281. As discussed above, sec. 303.190.2(2) does require motor vehicle owners to insure permissive drivers for bodily injury to themselves but treats damage to the vehicle differently.

## Coverage under Part 300

Behlmann argues that Part 300 is the appropriate section for coverage of the Blazer and that Harbin is not an insured under Part 300. Part 300 states that it covers "LOSS of or to a COVERED AUTO from any cause, including sums an INSURED legally must pay as damages as a result of LOSS to a CUSTOMER'S AUTO, except as stated otherwise in the declarations or excluded." Subject to some exceptions, Part 300 covers "an insured" from any loss of a "covered vehicle" regardless of who is driving. A "covered vehicle" would include Behlmann's Blazer. However, the term "an insured" is specifically defined more narrowly than in Part 500. In Part 300, an insured is only Behlmann, its partners, employees, directors, executive officers and stockholders. Therefore, Harbin is not an insured under Part 300.

## Application of "no subrogation" rule

"At the moment an insured vehicle is damaged or destroyed by the fault of a third person the insurer has a contingent interest in any recovery of damages to the extent of its liability to the owner." *General Exchange Ins. Corp. v. Young*, 357 Mo. 1099, 212 S.W.2d 396, 401 (1948). However, that right of subrogation does not exist when the third person whose negligent act caused the damage is a co-insured under the policy. *See Sherwood Medical Co. v. B.P.S. Guard Services, Inc.*, 882 S.W.2d 160, 162 (Mo.App.1994). As discussed above, Harbin is not a co-insured for purposes of damage to Behlmann's Blazer under Part 500 and Part 300 covers the Blazer but does not make Harbin an insured. The bar against an insurer recovering from its own insured is not applicable.

## Application of "Demonstrator Statute"

Because Harbin was not an insured under Behlmann's policy, thus making the no subrogation rule inapplicable, this Court does not address whether the "demonstrator statute," sec. 379.201, would allow Behlmann's insurer to recover against Harbin.

## Conclusion

The judgment is reversed and the cause remanded.

All concur.